WILLIAM AINLEY, RESPONDENT, *v.* THE MANHATTAN RAILWAY COMPANY, APPELLANT.

*Duty of an elevated railroad to keep the steps leading to its stations free from ice — a husband deprived of the loss of his wife's society, by the negligent act of another, is entitled to recover the damages thereby sustained.*

Upon the trial of this action, brought to recover damages alleged to have been sustained by the plaintiff through the loss of the society and services of his wife, and to recover expenses incurred for her benefit in consequence of her being injured by slipping on some ice at one of the defendant's stations, which she

was leaving after having been a passenger upon its cars, evidence was given tending to show that there had been snow the day before the plaintiff's wife fell ; that the day she fell it had thawed in the middle of the day, and that the drippings from the roof fell upon the stairs and towards night froze and became slippery, and that no ashes or sand were sprinkled on the steps to prevent slipping, although they had been upon the platform ; and that the day before the accident the stairs had been in about the same condition.

*Held,* that the court properly denied a motion to dismiss the complaint, upon the ground that there was no evidence to establish negligence on the part of the defendant, as this evidence, if believed by the jury, would justify them in finding that reasonable care had not been used in the maintenance of the defendant's . platform and the approaches thereto.

That a claim made by the appellant that the judge erred in charging the jury that the plaintiff was entitled to recover for the loss of the society of his wife, upon the ground that the only cases in which such damages could be recovered were actions of seduction, where the defendant had run away with the wife, could not be sustained.

That if the plaintiff had, in fact, been deprived of the assistance and society of his wife, there was no reason why he should not recover as well when such deprivation was the result of the negligence of the defendant as when such deprivation was caused by the enticing away of his wife.

. Appeal from a judgment in favor of the plaintiff entered upon the verdict of a jury.

*Hugh L. Cole,* for the appellant.

*Ten Eyck & Remington,* for the respondent.

.VAN BRUNT, P. J. :

Most of the argument, as contained in the appellant's brief, is to the effect that, although no exceptions were taken, yet substantial errors to the prejudice of the appellant having been committed by the learned justice who presided at the trial in the submission of the case to the jury, it is the duty of this court to award a new trial. Whatever might have been the power and duty of this court, had there been in this case entered an order denying a motion for a new trial and an appeal therefrom, there being no such order or appeal in the record before us, and the only appeal taken being from the judgment, we are limited to the consideration of the exceptions taken during the trial.

This action was brought to recover damages alleged to have been

sustained by the plaintiff through the loss of the society and services of his wife and to recover expenses incurred for her benefit in consequence of her being injured by slipping on some ice at one of the appellant's stations, which she was leaving after having been a passenger upon the appellant's cars. It was alleged that the appellant had been guilty of negligence in allowing snow and ice to accumulate and become slippery upon the stairs of the station, in consequence of which the plaintiff slipped and fell.

The main question involved in this appeal is raised by the exception to the denial of a motion to dismiss the complaint upon the ground that there was no evidence to establish negligence upon the part of the appellants or to make out any cause of action in favor of the respondent. In the consideration of this question, it is entirely immaterial whether the law requires the appellant, being a carrier of passengers, to use the highest degree of diligence to make their platforms and the approaches thereto safe, convenient and useful, or whether the appellant, in respect thereto, is simply bound to exercise ordinary care, in view of the dangers attending their use, to make them reasonably adequate for the purpose to which they are devoted; because adopting the rule the most favorable for the appellant, there was sufficient evidence to justify the jury in finding that ordinary care had not been used to make the steps of their station on which the accident happened reasonably safe for use, and, therefore, the motion to dismiss was properly denied. The evidence tended to show that there had been a snow the day before the plaintiff's wife fell; that the day she fell it had thawed in the middle of the day; that the drippings from the roof fell upon the stairs, and towards night froze and became slippery, and that no ashes or sand were sprinkled on the steps to prevent slipping, although they had been upon the platform, and that the day before the accident the stairs had been in about the same condition.

If the jury believed this evidence, they were justified in finding that reasonable care had not been used in the maintenance of their platform and approaches. The duty of the appellant was at least to maintain and keep these stairs in a reasonably safe condition for the purposes to which they were devoted; and to allow snow and ice to accumulate thereon so that they became slippery and danger-ous for passengers to descend is not a fulfillment of that duty. The

degree of care to be exercised necessarily depends upon the circumstances of each individual case, because the hazards to be provided against may be greater in one case than in another.

The public in entering upon and departing from the stations of the appellant has at least the right to assume that they are kept reasonably safe for use, and are not bound to be on their guard for extraordinary perils and therefore use extraordinary diligence. If the appellant allows its stairs to become so coated with ice that they are dangerous to be used by the passengers whom they invite to use the accommodations which it furnishes to the public, the appellant does not perform the duty which is imposed upon it by law and is liable for any injuries resulting therefrom to its passengers unless there has been contributory negligence.

The appellant also claims that the learned judge erred in charging the jury that the plaintiff was entitled to recover for the loss of the society of his wife, and claims that the only cases in which this element of damage is allowed to be considered by the jury are actions of seduction " where the defendant has run away with the wife and has actually deprived the plaintiff of her company." We are not aware that the rule is thus restricted. The rule is that if the husband is entitled to the assistance and society of his wife he is entitled to recover damages against a party who unjustly deprives him of such assistance and society; and there does not seem to be any reason, if the fact exists that he has been deprived of such assistance and society by the act of another, why he should not recover as well where such deprivation has been the result of the negligence of the defendant as where such deprivations have been caused by the enticing away of the wife.

The only other exception necessary to consider is the objection to the reading of the cross-examination of two witnesses whose evidence was taken upon another trial. It would appear that the reading of the testimony of these witnesses taken upon another trial had been consented to by the appellant, and if such were the fact the respondent had the right to read the whole or any part of the evidence. He was not restricted to the direct examination, nor need he read the whole of such examination. The whole of the testimony, so far as relevant, was open to both parties and they could read that which they saw fit.

The exceptions not being well taken. the judgment should be affirmed, with costs.

BARTLETT and MACOMBER, JJ., concurred.

Judgment affirmed, with costs.